■ PATRICIA LOMBARDI, Appellant, v DAVID RAPPAPORT, Respondent.—In an action to recover damages for loss of consortium, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered January 23, 1979, which is in favor of defendant, upon the granting of defendant's motion for summary judgment. Judgment affirmed, with $50 costs and disbursements. Appellant joined the instant claim for loss of consortium in a prior action for personal injuries by her husband against the defendant herein. Pursuant to a stipulation on the record, that action was settled by payment of a sum certain to "the plaintiff" by the defendant. Under the stipulation, the payment was conditioned upon the outcome of a jury trial on the issue of liability only and the fixation of damages so determined was to be "by way of release and not by way of judgment" with no concession of liability by the defendant. The parties agreed on the record that "This stipulation is made for purposes of this trial." Following a trial of that action, the jury returned a verdict of liability against the defendant and in favor of the plaintiffs and an interlocutory judgment was entered thereon. Thereafter, appellant's husband gave the defendant a full written release from liability on all causes of action to the date of the release in exchange for payment by the defendant of the stipulated sum of $22,500. Upon payment in full by the defendant, both plaintiffs entered a stipulation discontinuing the original action. In our opinion, the present action is precluded by appellant's prior stipulation of settlement and discontinuance of the original action, and the instant complaint was therefore properly dismissed (see CPLR 2104). This result is not altered by the fact that the interlocutory judgment entered on the verdict of liability recited that appellant's action had been discontinued "without prejudice". The record is clear that the purpose of the interlocutory judgment was to allow the defendant to appeal the verdict of liability if he so chose and, concomitantly, to preserve appellant's right to bring her consortium action anew in the event that the verdict of liability—and hence the stipulation of settlement—was overturned on appeal. (There was in fact no appeal from the interlocutory judgment.) It is equally clear, in our view, that the interlocutory judgment was never intended to create substantive rights which would survive a final settlement of the original action for personal injuries. We thus find no merit in appellant's contention that the term "without prejudice" in the interlocutory judgment was meant to allow her a further right to recover for loss of consortium after the settlement of the prior action became final. Gulotta, J. P., Cohalan, Martuscello and Gibbons, JJ., concur.